IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

FEB 0 9 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| BRET A. BROADDUS, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. 08-C-04420 |
| | ) |
| KEVIN SHIELDS, | ) Judge St. Eve |
| | ) Magistrate Judge Cole |
| Defendant/Counter-Plaintiff. | ) |

CITATION TO DISCOVER ASSETS

To:    Bret A. Broaddus
       227 East Ontario, No. 118255
       Chicago, Illinois 60611

A judgment against Plaintiff/Counter-Defendant Bret A. Broaddus in the amount of $798,619.16 plus post- judgment interest was entered on December 16, 2010 in favor of Defendant/Counter-Plaintiff Kevin Shields. The entire amount of $798,619.16 remains unsatisfied, together with subsequently accruing interest. This Citation to Discover Assets is issued on the basis of the foregoing judgment. On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

YOU ARE COMMANDED to appear before the Honorable Amy St. Eve of the United States District Court for the Northern District of Illinois, Eastern Division, Courtroom 1241, at 219 South Dearborn Street, Chicago, Illinois, on March 2, 2011, at 8:30 a.m. to be examined under oath to discover assets or income not exempt from enforcement of a judgment. A judgment in favor of Kevin Shields and against Bret A. Broaddus was entered on December 16, 2010, in the amount of $798,619.16, and $798,619.16 remains unsatisfied.

YOU ARE COMMANDED to produce at the examination:

All books, papers or records in your possession or control relating to the accounts of Bret A. Broaddus, or which may contain information concerning the property or income of, or indebtedness due judgment debtor, including specifically, but not exclusively, all items set forth in EXHIBIT A attached hereto.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from

paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT.**

_____

**CLERK**

_____
**DATE**

_____

**BY: DEPUTY CLERK**

## CERTIFICATE OF ATTORNEY

This Citation is accompanied by a copy of the underlying judgment against Bret A. Broaddus and in favor of Kevin Shields.

The judgment is in the amount of $798,619.16, together with legal interest after judgment. The judgment was entered on December 16, 2010 by the Honorable Amy St. Eve, United States District Court for the Northern District of Illinois, in Case No. 08-C-4420.

I, the undersigned, hereby certify to the court under penalties as provided by law pursuant to 735 ILCS 5/1-109 that the foregoing information is true.

Megan M. Lazar

Thomas I. Matyas (ARDC No. 1796984)
Megan M. Lazar (ARDC No. 6293103)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
T: (312) 201-2000
F: (312) 201-2555
Attorneys for Defendant/Counter-Plaintiff Kevin Shields

## EXHIBIT A

(a)    All records for any and all bank, investment or other accounts held by or for Plaintiff/Counter-Defendant/Judgment Debtor Bret A. Broaddus ("**Broaddus**") or in which Broaddus has or had an interest during the period from 2007 to the date of service of this Citation to Discover Assets, including but not limited to certificates of deposit (or copies or details of same), savings passbooks, checking accounts, checkbook registers, plus copies of all money orders, bank checks and cashiers checks related to the same;

(b)    The legal description and all deeds, title insurance policies, and plats of survey of any and all real estate in which Broaddus has, had or may have any legal or beneficial interest during the period from 2007 to the date of service of this Citation to Discover Assets, including but not limited to deeds, title policies, and plat(s) of survey for same;

(c)    All trust agreements of any type whatsoever, including, but not limited to land trusts, testamentary trusts, and inter vivos trusts, in which Broaddus has an interest or had an interest, or under which Broaddus is a beneficiary or was a beneficiary during the period from 2007 to the date of service of this Citation to Discover Assets;

(d)    All documents relating to any and all stocks, bonds, debentures, mutual funds, limited or general partnership information, brokerage accounts, or investments of any type or nature going, or a summary thereof, owned by or in which of Broaddus has, had, or may have an interest during the period from 2007 to the date of service of this Citation to Discover Assets;

(e)    The membership certificates and operating agreement(s) for any and all limited liability companies in which Broaddus is or at any time was a member during the period from 2007 to the date of service of this Citation to Discover Assets;

(f)    All insurance policies (and applications therefore) in which Broaddus has, had or may have an interest as owner or beneficiary or had an interest as owner or beneficiary during the period from 2007 to the date of service of this Citation to Discover Assets;

(g)    All documents demonstrating all cash on hand of Broaddus during the period from 2007 to the date of service of this Citation to Discover Assets;

(h)    All documents listing, identifying, or demonstrating any assets whatsoever, including but not limited to, jewelry, electronics, artwork, furniture, etc., valued or purchased for an

amount in excess of $2,500 owned by Broaddus or in which Broaddus has, had or may have an interest at any time during the period from 2007 to the date of service of this Citation to Discover Assets;

(i)    Titles to all motor vehicles, boats, trailers, snowmobiles, motorcycles, construction equipment, or other vehicles, commercial assets, or recreational assets owned by Broaddus or in which Broaddus had or has an interest at any time during the period from 2007 to the date of service of this Citation to Discover Assets;

(j)    All state and federal income tax returns, including all drafts thereof, with all schedules and supporting documents for the years 2007, 2008 and 2009;

(k)    All of Broaddus's financial statements or statements of net worth completed at any time during the period from 2007 to the date of service of this Citation to Discover Assets;

(l)    Any and all documentation memorializing or relating to any sale or transfer, or potential sale or transfer, made on or after January 1, 2000, by or at the direction of Broaddus to any third party of any asset owned by or in which Broaddus has or had an interest and which is valued in excess of $2,500, including but not limited to purchase or sale transaction agreements, related schedules, exhibits, appendices, and annexes (including but not limited to any amendments, restatements or supplements to any of the foregoing), and any due diligence materials in connection therewith;

(m)    Any and all documentation memorializing or relating to any loans, debts, monies, or obligations owed to Broaddus, or which Broaddus may own, control or in which Broaddus had, has or may an interest, during the period from 2007 to the date of service of this Citation to Discover Assets;

(n)    Any and all documentation of Broaddus' assets or liabilities submitted to any bank or lending institution during the period from 2007 to the date of service of this Citation to Discover Assets;

(o)    An accounting of all transfers made to/from Broaddus to any third-party and a statement of anything of value received in exchange for each such transfer during the period from 2007 to the date of service of this Citation to Discover Assets.

(p)    Documents evidencing or relating to the interest of Broaddus in any corporation, limited liability company, partnership, limited partnership or any other type of entity.

(q)    Documents evidencing or relating to any interest of Broaddus, directly, indirectly, beneficially or otherwise, in any real estate, personal property or other type of property.

(r)    Documents related to the income of Broaddus for any and all sources.

(s)    Documents related to any assets, real, personal, mixed or other, which are held in whatever form, including but not limited to trust, escrow or other means, by any person or entity for the present or future Broaddus.

(t)    All documents related to all wills, trusts or other like instruments of Broaddus or created by Broaddus.

Case: 1:08-cv-04420 Document #: 255 Filed: 12/16/10 Page 1 of 1 PageID #:3237

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BRET A. BROADDUS, | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. 08-C-04420 |
| | ) |
| KEVIN SHIELDS, | ) Judge St. Eve |
| Defendant/Counter-Plaintiff. | ) |

### FINAL JUDGMENT

This matter coming before the Court on Defendant/Counter-Plaintiff's Motion for Entry of Final Judgment, pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this Court's November 12, 2010 Memorandum Opinion and Order (Doc. 244), due notice having been given to all parties and the Court being fully advised in the premises:

Judgment is hereby entered in favor of Defendant/Counter-Plaintiff Kevin Shields ("Shields") and against Plaintiff/Counter-Defendant Bret A. Broaddus ("Broaddus") in the amount of $798,619.16, together with applicable post-judgment interest thereon at the legal rate as set forth in 28 U.S.C. § 1961 from and after the entry of this judgment.

IT IS FURTHER ORDERED that Shields' motion to withdraw his request for real estate business damages in Count I of his Counter-Claims is GRANTED.

ENTERED:

_Amy J. St. E_

Honorable Judge Amy J. St. Eve

Dated: _December 16, 2010_

Submitted by:
Thomas I. Matyas (1796984) (matyas@wildman.com)
Megan M. Lazar (6293103) (meganlazar@wildman.com)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
T: (312) 201-2000
F: (312) 201-2555
Attorneys for Defendant/Counter-Plaintiff Kevin Shields

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By _____
DEPUTY CLERK
U. S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

DATE: JAN 13 2011