# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4420 | **DATE** | 4/5/2012 |
| **CASE TITLE** | Broaddus vs. Shields | | |

**DOCKET ENTRY TEXT**

The Court denies Stanley LLC's Motion to Quash the Citation to Discover Assets [339]. The citation accordingly remains pending.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT

　　Before the Court is citation respondent Stanley, LLC's ("Stanley") Motion to Quash Citation to Discover Assets. For the following reasons, the Court denies Stanley's motion.

### BACKGROUND

　　On June 2, 2010, the Court granted Defendant/Counter-Plaintiff Kevin Shields' ("Shields") motion for summary judgment against Plaintiff/Counter-Defendant Bret A. Broaddus ("Broaddus") as to Broaddus' breach of fiduciary duty claim. On September 1, 2010, the Court granted Shields' motion for summary judgment against Broaddus, which included a counterclaim for Shields' attorney's fees. Based on the fee-shifting provisions in the parties' agreements, the Court awarded Shields, as the prevailing party, $798,619.16 in attorney's fees on November 12, 2010. On December 16, 2010, the Court entered a final judgment in favor of Shields and against Broaddus in the amount of $798,619.16, plus post judgment interest pursuant to 28 U.S.C. § 1961.[1] The Seventh Circuit affirmed the Court's summary judgment order and fee award on December 21, 2011. *See Broaddus v. Shields*, 665 F.3d 846 (7th Cir. 2011). Shields and his counsel have tried, unsuccessfully, to secure satisfaction of the judgment against Broaddus through serving citations to discover assets on various persons and entities. Broaddus has refused to pay the judgment entered against him.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

---

[1] The parties agree that the interest rate is 0.29%.

On February 9, 2011, the Clerk of the Court issued, and Shields served, a Citation to Discover Assets on Broaddus ("Broaddus Citation") via certified mail. (R. 266.) Broaddus has not answered the Citation, nor has he appeared in Court to respond to it. On October 4, 2011, the Clerk of the Court issued, and Shields served, a Citation to Discover Assets on Stanley through its Registered Agent, Carlos Arazoza ("Stanley Citation"). (R. 307.) Stanley is a Florida limited liability company, whose sole members are Broaddus, as trustee of self-settled revocable trust, and his daughter, Rachel Broaddus. Broaddus, through his trust, owns 99% of Stanley, and Rachel Broaddus owns 1%. Stanley was formed on December 8, 2010, almost one month after the Court issued its order awarding attorney's fees to Shields and mere days before the Court entered final judgment in Shields' favor. Stanley has not answered the Citation, nor has it appeared in Court to respond to it.

On November 15, 2011, Shields filed a motion for turnover of assets held by, among others, citation respondents Wintrust Wealth Management Company ("Wintrust") and Lake Forest Bank ("Lake Forest"), some of which are held in accounts titled in Stanley's name. Shields, Wintrust, and Lake Forest submitted documentation to the Court demonstrating that Broaddus had transferred his assets to Stanley after the Court entered final judgment against him. Broaddus responded to the motion for turnover on December 2, 2011.[2] On January 5, 2012, the Court issued a Memorandum Opinion and Order (the "January 5 Order") requiring, among other things, (1) Lake Forest to turn over $11,745.47 from Stanley's checking account number *****587 to Shields by January 31, 2012; and (2) Wintrust to turn over $147,318.00 from the Wintrust Investment Account (number ***1110) by January 31, 2012.

On January 31, 2012, the date by which the turnover was to have taken place, Stanley appeared in this action for the first time and filed a "Motion to Stay and Vacate Void Order and Judgment" and a Motion to Quash Citation to Discover Assets. The Court will address the Motion to Stay and Vacate in a separate order. The sole issue addressed in this Order is whether to quash the Stanley Citation.

## LEGAL STANDARD

District courts follow the "law of supplementary proceedings of the state in which they sit." *Laborers' Pension Fund v. Pavement Maint., Inc.*, 542 F.3d 189, 191 (7th Cir. 2008); Fed. R. Civ. P. 69(a). Accordingly, the Court proceeds under the Illinois statute governing supplementary proceedings, 735 ILCS § 5/2-1402. "A citation to discover assets is a supplementary proceeding that enables a judgment creditor to 'discover assets or income of the debtor not exempt from the enforcement of the judgment' and 'compel [] the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment.'" *Shales v. T. Manning Concrete, Inc.*, --- F. Supp. 2d ----, No. 11 C 1094, 2012 WL 851546, at *6 (N.D. Ill. Mar. 13, 2012); *see also Pyshos v. Heart-Land Dev. Co.*, 258 Ill. App. 3d 618, 622-23, 196 Ill. Dec. 889, 630 N.E.2d 1054 (Ill. App. 1st Dist. 1994). "Section 2-1402 is to be construed liberally, not only providing for the discovery of a debtor's assets and income, but also vesting the courts with 'broad powers to compel the application of discovered assets or income to satisfy a judgment.'" *City of Chicago v. Air Auto Leasing Co.*, 297 Ill. App. 3d 873, 878, 232 Ill. Dec. 46, 697 N.E.2d 788, 791 (Ill. App. 1st Dist. 1998) (quoting *Kennedy v. Four Boys Labor Serv., Inc.*, 279 Ill. App.3d 361, 367, 216 Ill. Dec. 160, 664 N.E.2d 1088 (Ill. App. 2d Dist. 1996)); *accord Society of Lloyd's v. Estate of McMurray*, 274 F.3d 1133, 1135 (7th Cir. 2001). The relevant inquiries in a supplemental proceeding are "(1) whether the judgment debtor is in possession of assets that should be applied to satisfy the judgment; or (2) whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment." *Schak v. Blom*, 334 Ill. App. 3d 129, 133, 777 N.E.2d 635, 267 Ill. Dec. 832 (Ill. App. 1st Dist. 2002); *see also Star Ins. Co. v. Risk Mktg. Grp., Inc.*, 561 F.3d 656, 660-61 (7th Cir. 2009).

---

[2] Notably, Broaddus did not dispute then, nor does he dispute now, that he transferred assets to Stanley after the Court entered final judgment against him.

Illinois Supreme Court Rule 277(d) states that "[i]f the party to be cited neither resides nor is employed nor transacts his business in person in this State, the proceeding may be commenced in any county in the State, upon the filing of a transcript of judgment in the court in the county in which the proceeding is to be commenced." Ill. Sup. Ct. R. 277(d). "Despite the language of the rule, the Seventh Circuit and Illinois courts have held that they must possess an independent basis for personal jurisdiction over an individual to whom the court issues a citation." *Our Lady of Bellefonte Hosp. v. Ashland GI Servs., LLC*, No. 11 C 6833, 2012 WL 787199, at *2 (N.D. Ill. Mar. 9, 2012) (citation omitted). Courts "determine personal jurisdiction [in supplementary proceedings] by reviewing the Illinois Long-Arm Statute and due process." *Id.* (citing *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 852 (7th Cir. 1981)).

## ANALYSIS

As an initial matter, the Stanley Citation was issued on October 4, 2011. Stanley never answered it nor appeared in Court to respond to it. In fact, Stanley waited almost four months later–and until after the Court issued a ruling adverse to Stanley's interests–before it sought to quash the Stanley Citation.

**I.    This Court Has Personal Jurisdiction Over Stanley**

Stanley contends that the Court cannot exercise jurisdiction over it because it is a Florida limited liability company with its principal place of business in Miami, Florida. Shields first argues that the Court has personal jurisdiction over Stanley because its members are citizens of Illinois, and therefore it is a citizen of Illinois for personal jurisdiction purposes. He further argues that even if Stanley is not an Illinois citizen, it is subject to the Court's personal jurisdiction by virtue of its acquisition and control of the assets at issue in this case in Illinois.[3]

The Illinois long-arm statute provides that "any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts . . . enumerated" in the statute submits to jurisdiction of the Illinois courts. 735 ILCS 5/2-209(a) (the "Illinois Long-Arm Statute"). It also states that "[a] court may . . . exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c); *see also be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) ("The Illinois long-arm statute . . . permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States.") (citing 735 ILCS 5/2-209(c)). The Seventh Circuit has held that "there is no operative difference between these two constitutional limits." *See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex*, P.A., 623 F.3d 440, 443 (7th Cir. 2010) (citation omitted).

Stanley has sufficient minimum contacts with Illinois such that the Court's exercise of jurisdiction over it "does not offend 'traditional notions of fair play and substantial justice.'" *See Hyatt Int'l Corp. v. Coco*, 302 F.3d

---

[3] Relying on *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) and *Marc Maghsoudi Enters., Inc. v. Tufenkian Import/Export Ventures, Inc.*, No. 98 C 441, 2009 WL 3837455 (N.D. Ill. Nov. 16, 2009), Shields argues that Stanley is an Illinois citizen because its members are Illinois citizens. The Seventh Circuit teaches that "[f]or diversity purposes, the citizenship of an LLC is the citizenship of each of its members." *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007); *see also White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc*., 647 F.3d 684, 686 (7th Cir. 2011). Because the Court has jurisdiction over Stanley in this proceeding regardless of whether it is an Illinois citizen as set forth below, the Court does not need to decide whether *Belleville* applies for purposes of determining personal jurisdiction.

707, 716 (7th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945)). Shields argues, and has submitted documents in support, that Stanley obtained ownership and control over the assets at issue in this proceeding while those assets were located in accounts held by Wintrust and Lake Forest in Illinois. *See, e.g.*, R. 315-12, R. 320-8, R. 320-9, R. 315-14.[4] Neither Stanley nor Broaddus have disputed this fact in the past, nor do they dispute it now. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 n.12, 13 (7th Cir. 2003) (once the plaintiff has established a prima facie case of personal jurisdiction over the defendant, the burden shifts to the defendant to submit evidence showing that the Court does not have personal jurisdiction over it). Stanley's acquisition of control and ownership of the assets at issue in this proceeding falls squarely within Section 2-209(10) of the Illinois Long-Arm Statute. *See* 735 ILCS 5/2-209(10) ("[t]he acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired"). Such contacts with Illinois were not "fortuitous" and were "purposefully established." *See Hyatt*, 302 F.3d at 716. Moreover, the citation proceeding against Stanley arises out of and is related to these contacts. *See id.*

Further, Stanley's contacts with Illinois are such that it "should reasonably anticipate being haled into court" in Illinois. *See id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985)). Broaddus, as Trustee of his revocable trust, is a member of Stanley and owns 99% of Stanley. Broaddus has admitted in this proceeding that he is a citizen of Illinois. (R. 47, ¶ 2). Further, he is listed as the President of Alliance Capital on that company's website, and he is listed as having a Chicago work address. *See* www.alliance-ccm.com (accessed April 5, 2012). Additionally, Shields has made a prima facie showing that Rachel Broaddus, Stanley's other member and 1% owner, is a citizen of Illinois. *See uBid, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-34 (7th Cir. 2010) (when a court addresses personal jurisdiction dispute based on submission of written materials without an evidentiary hearing, the plaintiff must make a prima facie case of personal jurisdiction); *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1, 1023 (7th Cir. 2009) (in determining whether the plaintiff has met its burden of showing personal jurisdiction, a court must resolve all factual disputes in the plaintiff's favor). Shields submits to the Court a print out of Rachel Broaddus' profile on the social media website, LinkedIn, which indicates that she graduated from Lane College Prep High School in 2007, which is located in Chicago, Illinois, and from DePaul University in 2011, which is also located in Chicago, Illinois. (R. 355-1.) Her profile also indicates that she is currently working as a Freelance Production/Office Assistant for Leviathan, a company located in Chicago. (*Id.*) Shields also submits a letter dated December 27, 2010 from Broaddus to "Susie," directing her to issue seven checks made payable to him (six for $225,000.00 each and one for $150,000.00 each for a total of $1,500,000.00) and send them to Ms. Broaddus' address in Chicago, Illinois. (*Id.*) Stanley submits nothing, other than unsupported and non-responsive statements, in response to Shields' assertions regarding Stanley's members' citizenship. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 n.13 (7th Cir. 2003) (once the plaintiff establishes a prima facie case of personal jurisdiction, the burden shifts to defendant to submit evidence disputing jurisdiction). Indeed, Stanley does not even deny that Rachel and Bret Broaddus are citizens of Illinois, nor does it offer any evidence, or even an assertion, that they are citizens of some other state.

In addition, Broaddus is the Plaintiff in this case, who initiated this proceeding against Shields in Illinois. He selected the Illinois forum. Moreover, it is undisputed that after the Court entered judgment against Broaddus in this case, he formed Stanley and transferred the assets at issue from his personal accounts in Illinois to Stanley's accounts in Illinois. Further, although the parties dispute whether Broaddus or Rachel Broaddus is Stanley's managing member, the fact remains that Stanley's managing member is an Illinois citizen. Given these facts and their connection to this lawsuit, Stanley could certainly have anticipated being haled into court in

---

[4] Had Stanley complied with Shields' citation to discover assets, it would have disclosed those same assets.

Illinois. *See Burger King*, 471 U.S. at 474 (the "foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there") (citation omitted); *Hyatt*, 302 F.3d at 716.

## II. Shields Properly Served Stanley With the Citation

Stanley argues that Shields did not afford the minimum time to Stanley and its members to properly respond to the Stanley Citation. Stanley's argument, however, loses most of its steam at the outset given that Stanley, as of the date of this Order, still has not responded to the Stanley Citation, which remains pending. What is left of Stanley's argument also fails because Shields served the Stanley Citation on Wednesday, October 5, 2011, requiring an appearance in Chicago six days later–on Tuesday, October 11, 2011. This procedure complies with Illinois Supreme Court Rule 277, which provides that a citation "shall requires the party to whom it is directed. . . to appear for examination at a time (not less than 5 days from the date of service of the citation) and place to be specified therein. . . ." Ill. Sup. Ct. R. 277(c)(3). Stanley's argument that weekends and holidays are not included in the calculation of time under the Federal Rules of Civil Procedure ("Rule") is without merit, given that Rule 6 provides exactly the opposite. *See* Fed. R. Civ. P. 6(a)(1)(B) ("count every day, including intermediate Saturdays, Sundays, and legal holidays"). Even if Shields had not complied with the proper procedures, Stanley's argument would fail because not only did Stanley decline to appear at the October 11, 2011 hearing, it also failed to appear at any of the continued hearings thereafter or to respond in any way to the Stanley Citation.

Stanley's argument that the Court should quash the Stanley Citation because it did not allow 30 days for Stanley to provide the requested documents likewise fails. Stanley cites no authority for its assertion that "Rule 69(a)(2) requires compliance with the Federal Rules for discovery." (R. 339 at 3.) Illinois Supreme Court Rule 277(c)(4) provides that a citation to discover assets may require, upon reasonable specification thereof, the production *at the examination* of any books, papers, or records in his or its possession or control which have or may contain information concerning the property or income of the debtor." Ill. Sup. Ct. Rule 277 (emphasis added). Stanley neither appeared for the examination nor produced any documents at any time to Shields in response to the Stanley Citation. Moreover, Stanley has had far more than thirty days to do so.

## CONCLUSION

For the reasons set forth above, the Court denies Stanley's Motion to Quash the Citation to Discover Assets. The citation accordingly remains pending.