**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRET A. BROADDUS, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | No. 08 C 4420 |
| v. ) | |
| ) | |
| KEVIN SHIELDS, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

**CORRECTED MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is Plaintiff/Counter-Defendant Bret Broaddus' Motion to Strike Lake Forest Bank's Response and Vacate Two Orders of January 5, 2011.[1]  For the following reasons, the Court denies Broaddus' motion.

**BACKGROUND**

Broaddus asks the Court to vacate its January 5, 2012 Memorandum Opinion and Order as well as the Stipulation and Order that the Court entered on January 3, 2012 (the "Stipulation and Order").  (R. 327, 329.)  The January 5 Order contains a detailed discussion of the relevant facts.  *See Broaddus v. Shields*, No. 08 C 4420, 2012 WL 28694, at *1-3 (N.D. Ill. Jan. 5, 2012).[2]

**I.    The Stipulation and Order**

After Shields filed its motion for turnover of Broaddus' assets held by citation

---

[1] Despite the title of Broaddus' motion, the orders at issue were entered on January 3, 2012 and January 5, 2012.  (R. 327, 329.)

[2] Unless otherwise noted, all defined terms in this Order shall have the meaning ascribed to them in the January 5 Order.

respondents Wintrust Wealth Management Company ("Wintrust") and Lake Forest Bank & Trust Company ("Lake Forest") on November 15, 2011, the Court set a briefing schedule pursuant to which responses were due on December 2, 2011. (R. 317.) Wintrust and Lake Forest filed a response in opposition on December 1, 2011 (the "Wintrust Response"), arguing that they were entitled to set off certain of the funds at issue from any turnover amount because Broaddus had defaulted on his loan obligations to them. (R. 320.) Lake Forest and Wintrust also claimed that they were entitled to set off attorney's fees and costs that they had incurred in connection with a foreclosure action they filed against Broaddus in Illinois state court. They attached a number of documents to their response, including various agreements, account records, and email correspondence. (*Id.*)

The next day, on December 2, 2011, Broaddus filed his response in opposition to Shields' motion for turnover, in which he asserted four arguments: 1) the funds at issue do not belong to Broaddus, but rather belong to Stanley, LLC ("Stanley"); 2) Shields cannot not summarily execute against the assets of a revocable trust; 3) the motion for turnover is untimely; and 4) Shields applies the wrong post-judgment interest rate. (R. 321.)

Twenty days later, on December 22, 2011, Shields filed his reply in support of his motion for turnover, in which he addressed Broaddus' arguments. (R. 323.) Along with his reply, he filed a motion to approve a stipulation into which he entered with Lake Forest and Wintrust. (R. 325.) The motion represented that although Shields disputed whether Lake Forest and Wintrust had priority over him with respect to the funds at issue, he agreed to stipulate to their priority in an effort to resolve the issue. (R. 324, ¶ 10.) On January 3, 2012, the Court approved the stipulation and entered an order regarding the same. (R. 327.) Pursuant to the Stipulation

and Order, Wintrust and Lake Forest 1) were entitled to set off $1,307,396.19 from the assets in the Wintrust Investment Account; and 2) were to hold the balance in that account, as well as the balance in Stanley's checking account, pursuant to pending citations until further order of the Court. (*Id.*)

## II.     January 5 Order

In the January 5 Order, the Court granted Shields motion for turnover, ordering (1) Associated Bank to turn over to Shields $1,500.41 from Broaddus' checking account by January 31, 2012; (2) Lake Forest to turn over to Shields $11,745.47 from Stanley's checking account number *****587 to Shields by January 31, 2012; and (3) Wintrust to turn over to Shields $147,318.00 from the Wintrust Investment Account (number ***1110) by January 31, 2012. *See Broaddus*, 2012 WL 28694, at *11.

## LEGAL STANDARD

### I.     Rule 59(e)

Rule 59(e) permits parties to file, within twenty-eight days of the entry of judgment, a motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e). Motions under Rule 59(e) serve the limited function of allowing the Court to correct manifest errors of law or fact or consider newly discovered material evidence. *See Seng–Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). "It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered."

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures" or "introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Resnick*, 594 F.3d at 568 (citation omitted); *see also County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006). "To support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation and internal quotation marks omitted). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *see also Resnick*, 594 F.3d at 568 (appellate court reviews denial of Rule 59(e) motion for abuse of discretion).

**II.     Rule 60**

"[R]elief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances.'" *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citations omitted)). *See also Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009); *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) (in general, Rule 60 only lets courts "overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'") (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). When deciding whether to grant relief under Rule 60(b), district courts have "great

latitude ... because that decision 'is discretion piled on discretion.'" *Bakery Mach.*, 570 F.3d at 848 (quoting *Swaim v. Motan Co.*, 73 F.3d 711, 722 (7th Cir. 1996) (citations omitted)).

## ANALYSIS

Broaddus raises several arguments in support of his motion. The Court addresses each in turn.

### I. Broaddus Provides No Persuasive Reason Why the Court Should Vacate the Stipulation and Order

Broaddus first argues that the Court should vacate the Stipulation and Order because the stipulation was not signed by all of the parties to this case–namely, him–and because neither he nor Stanley were allowed an opportunity to respond to Shields' motion to approve the stipulation.[3] (R. 345 at 2.) He further contends that the Court's Stipulation and Order "found that (a) Stanley's accounts do not really belong to Stanley; (b) $159,063.47 of Stanley's money should be distributed to Shields; (c) Wintrust is owed $1,261,494.20 in various debts; and (d) Wintrust is owed $45,901.96 in attorneys' fees and costs." (R. 345 at 2.) Broaddus' argument misses the mark.

As an initial matter, Broaddus grossly mischaracterizes and misunderstands the implications of the Stipulation and Order. Despite Broaddus' assertions, the Court did not find that any of Stanley's money should be distributed to Shields in the Stipulation and Order, nor did the Court determine that Wintrust was owed any amount of money or that "Stanley's accounts do

---

[3] Two weeks expired between the time Shields filed the motion to approve and when the Court approved the stipulation. Broaddus does not contend that he did not receive notice of the motion to approve. Broaddus neither responded to the motion nor moved the Court to set a briefing schedule on the motion, despite knowing that Shields' motion for turnover was fully briefed.

not really belong to Stanley." Moreover, the Court did not adjudicate Broaddus' rights with respect to his alleged debt to Wintrust or Lake Forest in the Stipulation and Order. Rather, the Stipulation and Order resolved a dispute between Shields on the one hand and Lake Forest and Wintrust on the other hand as to their respective priority to the money that was subject to Shields' citation. Specifically, the Stipulation and Order resolved the issue of how much Wintrust and Lake Forest were entitled to set off from the amounts that were potentially subject to turnover to Shields in the citation proceeding. The sole issue before the Court was whether Wintrust and Lake Forest had priority over Shields with respect to the money that Wintrust and Lake Forest held in accounts that were subject to the citation proceeding. Therefore, the dispute was between Shields, Wintrust, and Lake Forest, and did not involve Broaddus. The issue as to whether Broaddus actually owes money to Lake Forest or Wintrust was not before the Court then, nor is it before the Court now. Indeed, nothing in the Stipulation and Order precludes Broaddus from disputing, in the appropriate forum, the amount that Wintrust and Lake Forest contend he owes them.

  Broaddus contends that had he been allowed to respond to Shields' motion to approve the stipulation, he would have "strenuously opposed many of the allegations contained in the Stipulation." (R. 345 at 2-3.) Notably, he does not identify which specific "allegations" he would have opposed or why those "allegations" are inaccurate. Instead, he contends that the stipulation is based on facts, documents and assertions contained in the Wintrust Response, to which he argues he also did not have a chance to respond. Again, he does not meaningfully

6

contest any facts, documents, or assertions in the Wintrust Response.[4] But even if he had, his argument fails. Wintrust and Lake Forest filed their response to Shields' motion for turnover on December 1, 2011. (R. 320.) Broaddus filed his four and one-half page response the following day, in which he did not dispute any of the factual evidence attached to Shields' motion or the Wintrust Response. (R. 321.) He could have, but did not, seek an extension of time from the Court within which to file his response brief. He also could have sought leave to file a response to the Wintrust Response at any point before the Court issued the January 5, 2012 Order, but he elected not to do so.[5] Despite Broaddus' argument to the contrary, his decision not to file a response does not equate to an inability to respond or a deprivation of due process.

## II. Broaddus Had the Opportunity to, But Did Not, Respond to Shields', Wintrust's, and Lake Forest's Filings

Broaddus next argues that the Wintrust Response, which he characterizes as an "unauthorized filing," should be stricken. For the reasons stated above, the Court rejects Broaddus' contention that the Court should strike the Wintrust Response because Broaddus did not have the opportunity to respond to it. Broaddus' contention that he also was not given a chance to respond to the "unsupported assertions" in Shield's court filings is preposterous given that Broaddus indeed filed a response to Shields' motion for turnover on December 2, 2011. (R. 321.)

---

[4] Although Broaddus now argues that the Court relied on an inaccurate copy of Stanley's Operating Agreement in the January 5 Order, Broaddus did not raise this argument during the pendency of Shields' motion for turnover, despite having the opportunity to do so.

[5] Additionally, as Lake Forest, Wintrust, and Shields point out, Broaddus had notice as early as April 2011 of Lake Forest's and Wintrust's asserted rights to the money in the accounts at issue because he received service of Lake Forest and Wintrust's answers to Shields' citations to discover assets. (R. 292, 293.) Yet, Broaddus never contested those assertions.

### III. Broaddus Waived His Right to Dispute the Facts On Which the Court Relied in the January 5 Order

Finally, Broaddus contends that the Court should reconsider and vacate the January 5 Order because the documents on which the Court relied in that Order are not "admissible evidence" as required by Rule 56(c)(2). (R. 345 at 4.) Broaddus submits that there are factual disputes regarding Stanley's operating agreement and the amounts Wintrust claims Broaddus owes to it. (*Id.*) Broaddus, however, did not raise this argument, or any other argument related to the documents that Shields, Wintrust, and Lake Forest submitted to the Court, in his response to Shields' motion for turnover.[6] (R. 321.) Indeed, the Court expressly noted in its January 5 Order that "Broaddus does not dispute any of the factual assertions set forth in, or evidence attached to, Shields' motion for turnover or Lake Forest's and Wintrust's response to that motion." *Broaddus*, 2012 WL 28694, at *4. Because his arguments were available to Broaddus at the time he filed his response but were not raised in his response, the Court need not reconsider its January 5 Order on this basis. *See Resnick*, 594 F.3d at 568; *County of McHenry*, 438 F.3d at 819 (a Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment") (quoting *LB Credit Corp. v. Res. Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995)). For the same reasons, the Court rejects Broaddus' belated request for an evidentiary hearing. Broaddus did not raise any factual disputes in his response brief, nor did he request a hearing, despite his opportunity to do so.

---

[6] As explained above, any dispute Broaddus and Wintrust may have over the amounts Broaddus owes to Wintrust are not properly before the Court.

## CONCLUSION

For the reasons set forth above, the Court denies Broaddus' motion.

Dated: April 5, 2012

                          **ENTERED**

                          _____
                          **AMY J. ST. EVE**
                          **United States District Judge**